IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LARRYEL LANIER WILLIAMS,

    Plaintiff,

v.                                          Case No. 5:17-cv-298-MCR-GRJ

DEP'T OF CORRECTIONS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing ECF No. 1, a *pro se* complaint under 42 U.S.C. § 1983, and ECF No. 2, a motion for surety bond. Plaintiff did not file a motion for leave to proceed as a pauper nor did he pay the filing fee. Although Plaintiff's motion for surety bond sought permission to pay all costs at the end of trial, the Court explained that he may not proceed with a case until he either pays the filing fee or is granted leave to proceed as a pauper. (ECF No. 4.) The Court denied his motion for surety bond and ordered Plaintiff to either pay the requisite filing fee or file a proper motion for leave to proceed in forma pauperis by January 19, 2018. (*Id.*)

In addition to advising Plaintiff to pay the filing fee or file a motion to proceed as a pauper, the Court screened the complaint and identified

several deficiencies. *see Jefferson Fourteenth Assocs. v. Woltco de Puerto Rico, Inc.*, 695 F.2d 524, 526 (11th Cir. 1983) (district courts have inherent power to dismiss sua sponte frivolous suits without giving notice to the parties).

Among the deficiencies the Court identified, was Plaintiff's failure to file his complaint on the proper court-approved form. Plaintiff also failed to include in his complaint any allegations as to which constitutional provisions defendants allegedly violated or include sufficient factual allegations to support plausible claims. It was also unclear whether Plaintiff's alleged civil rights claims instead were habeas claims challenging his conviction or sentence. The Court therefore directed Plaintiff to file by January 19, 2018, either an amended complaint or a petition for writ of habeas corpus on the proper court approved form. The Court warned Plaintiff that failure to comply within the allotted time, or to show cause why he was unable to comply, would result in a recommendation to the district judge that the case be dismissed without further notice for failure to prosecute and failure to comply with a court order. (ECF No. 4.)

As of the date of this report and recommendation Plaintiff has not paid the requisite filing fee, nor has he filed a proper motion for leave to proceed in forma pauperis. Plaintiff also has not filed an amended complaint or a petition for writ of habeas corpus on the proper court-

approved form as directed.

A district court has inherent power to control its docket, which includes dismissing a case. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 998 (11th Cir. 1983). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967). Despite a clear directive to either pay the filing fee or file a motion for leave to proceed as a pauper and to either file an amended complaint or a petition for writ of habeas corpus, and despite a clear warning that failure to comply with the Court's order would result in a recommendation that the case be dismissed, Plaintiff has failed to comply.

Accordingly, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** for failure to comply with a Court order and for failure to prosecute.

**IN CHAMBERS**, this 5th day of February 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**